Hon. William D. Bavoso Corporation Counsel, Port Jervis
This is in response to your letter wherein you ask for an opinion of the Attorney General whether or not the Director of the Community Development Department, a newly created position, may be authorized by the enactment of a local law to reside without the confines of the City of Port Jervis.
Public Officers Law, § 3 (1), provides in part:
 "1. No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto * * * be * * * a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised * * *."
Public Officers Law, § 3 (12), provides:
 "12. The provisions of this section or of any other provision of law requiring a person to be a resident of the political subdivision or municipal corporation of the state for which he shall be chosen or within which his official functions are required to be exercised, shall not apply to the appointment of public officers in the city of Troy, except the city manager of such city, provided that such appointed officers are residents of the county of Rensselaer." (Emphasis supplied.)
New York State Constitution, Article IX, § 2(c)(1), provides in part:
 "(c), In addition to powers granted in the statute of local governments or any other law * * * (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
 "(1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees, except that cities and towns shall not have such power with respect to members of the legislative body of the county in their capacities as county officers." (Emphasis suppled.)
Municipal Home Rule Law, § 10(1)(ii)(a)(1) implements the constitutional provisions.
New York State Constitution, Article IX, § 3 (d) (1), defines the term "general law" as follows:
 "(d) Whenever used in this article the following terms shall mean or include:
 "(1) `General law.' A law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages." (Emphasis suppled.)
Municipal Home Rule Law, § 2 (5), defines the term "general law" in similar language.
It is apparent that Public Officers Law, § 3 (1), as it relates to the residence requirements for public officers within cities, is not a general law since an exception is made for the appointment of public officers in the City of Troy in subdivision 12 of said section.
Accordingly, we conclude that the City of Port Jervis is authorized to enact a local law dispensing with the residence requirements for the Director of the Community Development Department who is a resident of the County of Orange wherein the City of Port Jervis is situated but is not a resident of said City.
We do not pass upon the draftmanship of such local law.